STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE M. BREWSTER, PLAINTIFF IN ERROR.

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WALTER SCOTT, PLAINTIFF IN ERROR.

Argued November 3, 1915—Decided March 6, 1916.

Sections 63 and 64 of the Evidence act (2 *Comp. Stat.*, p. 2239), conferring upon any joint, standing, or special committee the power to summon witnesses, limits that power to the committee, and they must exercise their judgment as to what persons shall be summoned as witnesses in investigating the matters delegated

to the committee by the legislature, and a subpœna caused to be issued by the chairman of the committee, or any other member of the committee, without the authority of the committee, is a nullity, and the person summoned is not bound to appear in response to a summons or subpœna so issued.

---

On error from the Mercer County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiffs in error, *William B. Mackay, Jr.,* and *Gilbert Collins.*

For the defendant in error, *Martin P. Devlin.*

The opinion of the court was delivered by

BERGEN, J.    The above-named defendants were separately indicted, but, as the same questions were involved, they were tried together, and were argued in like manner in this court. The indictments charge the defendants with refusing to obey a "summons and writ of subpœna" alleged to have been issued by the joint appropriation committee of the legislature of the State of New Jersey for the year 1914, commanding them to appear before said joint committee to testify in a matter then under investigation by it.    That the summons or the subpœna was served on the defendants does not appear to be disputed.    The defendants were convicted in the Court of Quarter Sessions of Mercer county and have appealed from the judgments entered thereon.

The first point made by the appellants is, that there was no joint appropriations committee of the legislature of the state for the year 1914, as charged in the indictment.    If by this it is intended that the rules of the two houses of the legislature do not provide for a joint committee on appropriations, the claim made by the defendants is correct, but this is not sufficient, under the facts shown in this proceeding, to require a reversal of these judgments.    The facts show that each house has a committee on appropriations, and that they do not meet

and act separately, but, on the contrary, they meet and act as a joint committee. The resolution authorizing the investigation provided "that the joint appropriations committee of the legislature for the year 1914 be and they are hereby authorized and empowered to make investigations" of the financial need of certain departments of the state therein named, and to report to the next session of the legislature. This, we think, was the appointment of the persons constituting the two committees acting jointly as a special committee to make the investigation, and constituted the committees of the two houses as the committee to make the investigation.

The next point is, that the plaintiffs in error were not compellable to attend at Trenton on the day named in the summons, because (a) no place of meeting was ever designated by the committee; (b) the committee never authorized the issuing of summons to the plaintiffs in error. The powers of a committee of this character is to be found in sections 63 and 64 of the act entitled "An act concerning evidence (Revision of 1900)." 2 Comp. Stat., pp. 2217, 2239. Section 63 provides that any joint committee of the legislature, or any standing committee of either house, or any special committee which shall have been, by resolution, directed to enter upon any investigation or inquiry, the pursuit of which shall require the examination of witnesses, shall have power to "summon before them such persons as they may deem necessary and proper, to testify in the matter under investigation." Section 64 provides that any such committee shall have power to compel the attendance before them "of such person or persons as they may deem necessary and proper, to testify in the matter under investigation." This statute clearly shows that the power to summon witnesses is given alone to the committee and not to any member thereof acting alone. In other words, the statute intends that the persons deemed necessary and proper to testify in the matter under investigation shall be determined by the judgment of the committee and not that each member of the committee shall alone determine the necessity for the attendance of a particular person to testify. The evidence in this case is undisputed that the meeting of the

committee, which these defendants were subpœnaed to attend, was not held on a day fixed by the committee, but on a day fixed by the chairman of the committee, and this, we think, was irregular because the powers delegated by the legislature were not given to a single member of the committee, but to the committee as a whole; but, aside from this, the chairman had no power to order the issuing of a summons for the attendance of witnesses unless he was authorized to do so by the action of the committee. The persons whom the committee are entitled to subpœna are such which the pursuit of the investigation "shall necessitate," and that is, a *quasi*-judicial function to be exercised by the committee and not by the chairman, otherwise, if each member of the committee exercised his own judgment, persons might be summoned to attend to testify to matters which the pursuit of the investigation, in the judgment of every other member of the committee, might not be necessary as not being within the matters which the committee deemed they were authorized to investigate. The power to require witnesses to neglect their business and to come from all parts of the state to Trenton to testify is very great, and should only be exercised within the lines laid down by the statute, which plainly limits the exercise of that power to the committee as a whole, and it is not delegated by the legislature to the chairman, or any other member of the committee, and this seems to be a wise limitation, but whether wise or not, the legislature has so ordained. The trial court was requested to charge "there is no evidence that any such committee ever authorized the issuance of subpœna or summons to either defendant," and also "the paper-writings served on the respective defendants were beyond the authority of the statute and the defendants were not bound to respond thereto." Both of these requests were refused, and in this we think there was error, because there was no evidence that the committee ever authorized the issuance of the subpœna or summons. They were issued on the determination alone of the chairman, and without any statutory authority, and the defendants were not bound to respond thereto. For this error, the judgment in each of the above-stated causes will be reversed and new trial awarded.